WO                                                                                                    JWB

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Nathan Joel Johansen,           )  No. CV 10-1912-PHX-JAT (JRI)
                                )
    Plaintiff,                )  **ORDER**
                                )
vs.                             )
                                )
Charles Ryan, et al.,           )
                                )
    Defendants.               )
                                )

Plaintiff Nathan Joel Johansen brought this civil rights action under 42 U.S.C. § 1983 against Arizona Department of Corrections (ADC) Director Charles Ryan and Eyman Facility Health Administrator Dennis Kendall (Doc. 1). Before the Court is Plaintiff's Motion for Conference (Doc. 23), which the Court construes as a motion for injunctive relief. The Court will deny the motion.

## I.     Background

Plaintiff's claim arose during his confinement at the Arizona State Prison Complex (ASPC)-Eyman Unit (Doc. 1 at 3-3G). Plaintiff alleged that Defendants acted with deliberate indifference to his heart disease by failing to ensure that he receives prescribed medications without interruption and periodic medical evaluations of his chronic health condition (id.).

In his verified Complaint, Plaintiff set forth the following facts: Plaintiff has a history of heart attacks, a stent in his right coronary artery, and hypertension for which he has been prescribed five medications. Plaintiff avers that on more than 30 occasions, receipt of his heart medications has been interrupted for periods of 3 to 19 days because the ADC allows

prescriptions to expire before renewing them. Through grievance documents, Plaintiff maintains that Defendants acknowledged that some of Plaintiff's prescriptions had expired and that he should have received an annual medical evaluation. Plaintiff contends that Defendants' deliberate indifference has placed him at risk of future heart attacks and strokes.

**II.     Parties' Contentions**

    **A.     Plaintiff's Motion for Conference**

Plaintiff seeks an order from the Court setting a conference with both parties to discuss a Temporary Restraining Order (TRO) being requested by the Plaintiff (Doc. 23 at 1). Plaintiff restates the facts set forth in his Complaint and further alleges that since this action was served, his medication has been delayed or denied twice (id. at ¶ 2). With his motion, Plaintiff submits a July 2009 grievance appeal response from Ryan, his Adult Inmate Management System report, grievance documents from 2004-2005, and a March 2011 letter to Assistant Attorney General Rogers (id., Exs. 1-3).

Plaintiff argues that injunctive relief is appropriate because the delays in receiving his necessary heart medications put his life in danger (id. at ¶ 3). Plaintiff maintains that Defendants are aware of the issues he has encountered with medical evaluations and prescriptions and argues that the delays he has experienced since this action was filed are retaliatory (id. at ¶¶ 5-6). He states that he attempted to address this issue with Assistant Attorney General Rogers, who told him that she was unable to reach Defendants (id. at ¶¶ 7-9). Plaintiff argues that these issues have caused psychological and emotional damage, which also requires injunctive relief (id. at ¶ 10).

    **B.     Defendants' Response**

Defendants respond to Plaintiff's motion, pointing out that he has not filed a motion for injunctive relief (Doc. 28). They further argue that Plaintiff's request stems from past issues and not any current problem. As a result, they contend that injunctive relief is not appropriate. Plaintiff did not file a reply in support of his motion.

**III.     Preliminary Injunction Legal Standard**

A preliminary injunction is an extraordinary and drastic remedy and "one that should

not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, pp. 129-130 (2d ed. 1995)). An injunction may be granted only where the movant shows that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374, 376 (2008); Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). The movant has the burden of proof on each element of the test. Environmental Council of Sacramento v. Slater, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000). There is a heightened burden where a plaintiff seeks a mandatory preliminary injunction, which should not be granted "unless the facts and law clearly favor the plaintiff." Comm. of Cent. Am. Refugees v. I.N.S., 795 F.2d 1434, 1441 (9th Cir. 1986) (citation omitted). A Request for a TRO is governed by the same general standards that govern the issuance of a preliminary injunction. See New Motor Vehicle Bd. V. Orrin W. Fox. Co., 434 U.S. 1345, 1347 n. 2 (1977); Los Angeles Unified Sch. Dist. V. U.S. Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1982).

Under the "serious questions" version of the sliding-scale test, a preliminary injunction is appropriate when a plaintiff demonstrates that "serious questions going to the merits were raised and the balance of hardships tips sharply in [plaintiff's] favor." Alliance for the Wild Rockies v. Cottrell, 632 F. 3d 1127, 1134-35 (9th Cir. 2011) (citing Lands Council v. McNair, 537 F.3d 981, 987 (9th Cir. 2008) (en banc)). This approach requires that the elements of the preliminary injunction test be balanced, so that a stronger showing of one element may offset a weaker showing of another. "'[S]erious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Id. at 1135.

The Prison Litigation Reform Act (PLRA) imposes additional requirements on prisoner litigants who seek preliminary injunctive relief against prison officials.

1 "Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Thus, § 3626(a)(2) limits the court's power to grant preliminary injunctive relief to inmates; "no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." Gilmore v. People of the State of Cal., 220 F.3d 987, 999 (9th Cir. 2000).

In attempting to establish either eligibility for an injunction or that a party is not entitled to injunctive relief, the parties may rely on developments that postdate the pleadings and pretrial motions. Farmer v. Brennan, 511 U.S. 825, 846 (1994).

## IV. Analysis

To meet the "irreparable harm" requirement, Plaintiff must do more than simply allege imminent harm; he must demonstrate it. Caribbean Marine Servs. Co., Inc. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988). This requires Plaintiff to demonstrate by specific facts that there is a credible threat of immediate and irreparable harm. Fed. R. Civ. P. 65(b). Mere "[s]peculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Caribbean Marine, 844 F.2d at 674.

Here, while Plaintiff asserts that he has experienced delays in receiving his medication twice since filing this action, he does not articulate the length of time he was without medication or provide any other specifics to support his assertion. And while Plaintiff expresses concern with prescription renewal delays reoccurring, he does not introduce any evidence to support the conclusion that further delays are imminent. For this reason alone, Plaintiff is not entitled to injunctive relief.

This conclusion is bolstered by Plaintiff's failure to introduce any documentary evidence to support his underlying claim. Indeed, Plaintiff's grievance documentation reflects issues arising in 2004-2007. This is insufficient to make the requisite showing for a PI, and his request for an injunction and a hearing will be denied without prejudice. See Winter, 129 S. Ct. at 375 (movant must demonstrate that irreparable injury is likely without an injunction); Caribbean Marine, 844 F.2d at 674 (holding that the district court erred when

it granted preliminary injunction where the plaintiffs did not show that the alleged harm was "imminent or likely"). The Court notes, however, that if Plaintiff should experience any delay in receiving his medication in the future, he may refile his motion with the requisite supporting documentation.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Plaintiff's Motion for Conference (Doc. 23).

(2) Plaintiff's Motion for Conference (Doc. 23) is **denied** without prejudice.

DATED this 11th day of August, 2011.

James A. Teilborg
United States District Judge